UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:  
DAVID J BIBILONI

CASE NO: 18-20309EEB  
CHAPTER 13

Debtor

---

CHAPTER 13 TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MAKE PLAN PAYMENTS

---

The Standing Chapter 13 Trustee moves to dismiss this case based on the following:

1. The Debtor has filed a petition for relief under Chapter 13.

2. The Debtor, in the above captioned case, filed the Plan and proposed current monthly payments of $1,006.00 per month.

3. The Debtor has failed to comply with the requirement of making regular monthly Plan payments. The total of payments due through March 2019 is $4,024.00. The Debtor has paid a total of $1,017.00, causing a delinquency of $3,007.00 through March.

4. The last payment having been received by the Trustee on March 1, 2019.

5. Payment of $3,007.00 is required, plus the April payment, to be current through April 2019.

6. THE DEBTOR SHALL BE ACCOUNTABLE FOR ANY PAYMENTS WHICH BECOME DUE AFTER THE DATE OF THIS MOTION AND UP TO THE DATE OF THE MEETING WITH THE TRUSTEE

   WHEREFORE, the Trustee requests that this case be dismissed pursuant to 11 U.S.C. Section 1307(c)(1) and (6).

Dated: April 10, 2019

By: s/Adam M. Goodman  
Adam M. Goodman  
Standing Chapter 13 Trustee  
P.O. Box 1169  
Denver, CO 80201  
Phone: (303) 830-1971  
Fax: (303) 830-1973  
agoodman@ch13colorado.com

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:  
DAVID J BIBILONI

CASE NO: 18-20309EEB  
CHAPTER 13

DEBTOR

**NOTICE PURSUANT TO L.B.R. 9013-1 OF CHAPTER 13 TRUSTEE'S MOTION TO DISMISS**

# OBJECTION DEADLINE: April 29, 2019

**NOTICE IS HEREBY GIVEN** that the Chapter 13 Trustee (the "Movant") has filed a Motion to Dismiss with the Bankruptcy Court and requests the following relief: Dismiss Chapter 13 case for failure to make plan payments.

If you oppose the motion or object to the requested relief your objection and request for hearing must be filed on or before the objection deadline stated above, served on the Movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, or in the absence of the Debtor's entering into an agreement with the Trustee to resolve the payment delinquency, the court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: April 10, 2019

By: s/Adam M. Goodman  
Adam M. Goodman  
Standing Chapter 13 Trustee  
P.O. Box 1169  
Denver, CO 80201-1169  
(303) 830-1971  
Fax: (303) 830-1973  
agoodman@ch13colorado.com

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:                                                             CASE NO: 18-20309EEB
DAVID J BIBILONI                              CHAPTER 13

DEBTOR

CERTIFICATE OF SERVICE

The undersigned certifies that on April 12, 2019, I served a complete copy of the Chapter 13 Trustee's Motion to Dismiss and Notice on all parties against whom relief is sought and those otherwise entitled to service at the following addresses:

DAVID J BIBILONI, 11792 W. BELMONT PL., LITTLETON, CO 80127-6241,

LAW OFFICE OF DAVID M SERAFIN, via CM/ECF

                                      By:      s/Adam M. Goodman
                                                           Adam M. Goodman
                                                           Standing Chapter 13 Trustee
                                                           P.O. Box 1169
                                                           Denver, CO 80201-1169
                                                           (303) 830-1971
                                                           Fax: (303) 830-1973

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:  
DAVID J BIBILONI

CASE NO:  18-20309EEB  
CHAPTER 13

DEBTOR

ORDER DISMISSING CHAPTER 13 CASE PRIOR TO CONFIRMATION OF PLAN

THIS MATTER comes before the Court on the Motion to Dismiss filed by the Chapter 13 Trustee. Notice has been given to the Debtor and Debtor's counsel. No timely objection has been filed. The Court

FINDS that:

1. Cause exists for dismissal of this case pursuant to 11 U.S.C. Section 1307.
2. No Plan has been confirmed.
3. No request for delayed revestment of property of the estate has been made.

IT IS THEREFORE ORDERED that:

1. THIS CASE IS DISMISSED. The Clerk of the Court shall serve this Order on all creditors and parties in interest within fourteen (14) days.

2. In accordance with 11 U.S.C. Sections 349(b)(1) and (2), any transfer avoided under Section 522, 544, 545, 547, 548, 549 or 724(a) of Title 11, or preserved under Section 510(c)(2), 522(i)(2) or 551 of Title 11 is reinstated; any lien voided under Section 506(d) of Title 11 is reinstated; and any Order, judgment or transfer ordered under Section 522(i)(1), 542, 550, or 553 of Title 11 is vacated.

3. All property of the estate, except payments made by the Debtor to the Trustee, shall revest in the Debtor as of the date of this Order pursuant to 11 U.S.C. Section 349.

4. Payments made by the Debtor(s) shall be retained by the Trustee pending payment of claims allowed under Section 503(b) pursuant to 11 U.S.C. Section 1326(a)(2).

a. Any request for allowance of a Section 503(b) claim shall conform with 11 U.S.C. Section 503 and Fed.R.Bankr.P.Rules 9013, 9014, and 2002, and be filed no later than 28 days from the date of this Order.

b. After determination of the last request, if any, for allowance of Section 503(b) claims, the Trustee shall pay all fees imposed by statute and all allowed Section 503(b) claims from the Debtors' payments and return any surplus to the Debtor(s) as soon as practicable.

BY THE COURT:

Dated:

_____  
United States Bankruptcy Judge